1

```
 1   UNITED STATES DISTRICT COURT
     EASTERN DISTRICT OF NEW YORK
 2
     ------------------------------x
 3                                              22-CV-3650(CBA)
     IVANOVA,
 4                                              United States Courthouse
               Plaintiff,                       Brooklyn, New York
 5
               -versus-                         November 29, 2022
 6                                              2:00 p.m.
     ADVANCED REHABILITATION
 7   P.C., ET AL,

 8             Defendants.

 9   ------------------------------x

10        TRANSCRIPT OF CIVIL CAUSE FOR PRE MOTION CONFERENCE
                 BEFORE THE HONORABLE CAROL B. AMON
11                  UNITED STATES DISTRICT JUDGE

12
     APPEARANCES
13

14   For the Plaintiff:       BY:  DAVID HARRISON, ESQ.
                                   JULIE SALWEN, ESQ.
15                                 OLGA MEDYUKH, ESQ.

16
     For the Defendant:       BY:  IAN SMITH, ESQ.
17

18
     Court Reporter:          Rivka Teich, CSR, RPR, RMR, FCRR
19                             Phone:  718-613-2268
                               Email:  RivkaTeich@gmail.com
20
     Proceedings recorded by mechanical stenography.  Transcript
21   produced by computer-aided transcription.

22

23

24

25
```

PREMOTION CONFERENCE

1         (Telephone conference.)

2         THE COURT:  This is Judge Amon on the line.  I'll
3    ask my law clerk to call the case.

4         THE LAW CLERK:  Good afternoon, everyone.  This is
5    case number 22-CV-3650, Anastasia Ivanova versus Advanced
6    Rehabilitation PC, et al., on for premotion conference for
7    defendant's proposed motion to dismiss.

8         I'll now ask the parties to please state your names
9    for the record, beginning with the defendant.

10         MR. SMITH:  Good afternoon.  Ian Smith on behalf of
11    defendants Advanced Rehabilitation PC, Nathan Management
12    Corp., Julia Sapoff, and Eugene Seldon.

13         THE COURT:  Good afternoon.

14         And plaintiff.

15         MR. HARRISON:  Good afternoon, Judge.  David
16    Harrison along with Julie Salwen and Olga Medyukh.  All three
17    of us are counsel for plaintiffs.

18         THE COURT:  All right.  Good afternoon.

19         Mr. Smith, I'm a little bit confused about what your
20    position is.  You made the motion asking for a premotion
21    conference, but then you indicated you wish to withdraw?

22         MR. SMITH:  Yes, your Honor, we do wish to withdraw.
23    We certainly will be counsel for defendants until the Court
24    releases us from any obligation.  So I'm here today for this
25    motion, your Honor, and will continue until the Court excuses

1    us.
2           THE COURT:  Well, have you talked to the defendants?
3    Are they retaining new counsel?
4           MR. SMITH:  Your Honor, as I understand, that is in
5    the works.  I don't have any further details, though.
6           THE COURT:  What is your application?  Are you going
7    forward with filing this motion?
8           MR. SMITH:  Yes, your Honor.  If the Court grants
9    our motion to withdraw, obviously we wouldn't, but to the
10   extent that we are representing the defendants, we will
11   continue to do so.
12          THE COURT:  Let me just raise, then, an issue with
13   regard to the motion.
14          You're seeking to do this, a motion to dismiss, on
15   the face of the complaint, and it would seem that plaintiffs
16   have at least alleged that these are one entity and that they
17   have 15 employees.
18          Why shouldn't this be -- discovery be taken on this
19   issue and -- to the extent it's disputed and then a motion
20   made for summary judgment?
21          MR. SMITH:  Your Honor -- this is the threshold
22   question, your Honor, that the plaintiff has to meet in order
23   to file in the court to be able to bring this case.
24          We actually asked as alternatively, if the Court saw
25   fit not to dismiss the case, that the Court would grant some

PREMOTION CONFERENCE

1  limited discovery for purposes of making this issue out and
2  demonstrating that even combined, these entities don't come to
3  15 employees.  And not even just a matter of 15 employees, but
4  the ADA requirement is that it be 15 employees and 20 or more
5  calendar weeks.  So even if there is any period of time, I
6  think that is suggested in the answer -- I'm sorry -- in the
7  complaint -- that at some point there was 15 employees.  The
8  requirement under the ADA is that there be 15 or more
9  employees for 20 or more calendar weeks.
10             THE COURT:  So the only thing you would be seeking
11  discovery on would be the number of employees?  In other
12  words, it wouldn't even be necessary to determine whether
13  they're a single entity, because you think this can be
14  resolved on the number of employees; is that correct?
15             MR. SMITH:  Well, yes, your Honor.  We do believe
16  ultimately it would be resolved on that issue.
17             But the plaintiff's argument here is that either
18  these were adjoined employer or an integrated enterprise, and
19  so the discovery, if the Court were to grant the alternative
20  relief that we're seeking, obviously it would include that
21  there was sufficient discovery to address all of those issues.
22             THE COURT:  So what discovery would you be seeking?
23  Who would you need to talk to?  What records would you be
24  needing?
25             MR. SMITH:  We're the defense here.  We don't have

*Rivka Teich CSR RPR RMR FCRR*
*Official Court Reporter*

1    the burden of making this, so it would actually be the
2    plaintiff's burden to -- what discovery they would need to
3    show that the threshold is met.
4              THE COURT:  Well, you could also -- if it were
5    summary judgment, you could also put in an affidavit with your
6    own records, though, so you could --
7              MR. SMITH:  We could certainly do that, your Honor.
8              THE COURT:  Yes.
9              MR. SMITH:  We do have records related to the number
10   of employees.
11             THE COURT:  Proffer to me what your -- the number of
12   employees would be.  Do you know?
13             MR. SMITH:  I have a chart that we put together.
14   The number of employees for -- you have to look at both
15   entities.  I believe we would say there's no point in which
16   there are -- there is a point where if you combine the
17   entities that there are 15 employees, but it's not in 20
18   weeks.  That would be almost five months, and if we generously
19   did this, there would be as much as four months where that is
20   possible.
21             But, again, your Honor, we don't think that 20 or
22   more weeks is met, even if there's an isolated incident where
23   there's 15 or more employees of the combined entities.
24             THE COURT:  Okay.
25             Let me hear from plaintiff if they want to add

*Rivka Teich CSR RPR RMR FCRR*
*Official Court Reporter*

1    anything.

2              MR. HARRISON:  Thank you, Judge.

3              One of the issues is that there are some independent

4    contractors that were not -- we believe were working there and

5    were misclassified as independent contractors when, in fact,

6    they were employees.

7              We actually put a lot of detail into the complaint

8    and even list a lot of the people.  So we would certainly need

9    to get discovery on all of these employees, their hours, when

10   they're working, the pay records, both for the employees and

11   also for the independent contractors.

12             As we put forward in our letter, in light of the

13   fact that this is a single-plaintiff case and we would need to

14   take -- we might need some depositions, it's far more

15   efficient to just do discovery on the number of employees and

16   contractors and whether they're a single integrated enterprise

17   as well as the underlying factors of the discrimination.  It's

18   a very straightforward disability discrimination when

19   plaintiff was terminated, and so it's far more efficient to do

20   discovery together rather than bifurcate and do document

21   discovery and depositions on issue one and then have to come

22   back and do discovery again on the ultimate issue of the

23   discrimination, particularly where there's also New York City

24   human rights claim.

25             But even if defendants are right on the number of

1  employees and they only have 15 employees for three or four
2  months and not the required number of weeks, that's not going
3  to dispose of the case, because there's still a --
4              THE COURT:  Well, but I -- that's the only federal
5  claim, right?  Why would I -- if there's no federal claim, why
6  would I take supplemental jurisdiction over a state law claim?
7              MR. HARRISON:  Right.  If it's at the outset, we
8  would agree, Judge.  I do believe that once we've gone through
9  discovery, we would ask your Honor to keep the case.
10             But, again, the point is that to do discovery
11 combined is far more efficient than to break it up like this.
12             THE COURT:  You wouldn't have to do discovery on
13 every single -- to take a deposition of every single employee
14 to find the information that you need.  And I would think some
15 of these people wouldn't -- the independent contractors that
16 you'd be seeking to -- discovery on wouldn't have information
17 regarding the discrimination.
18             So I'm not sure that I don't think you could
19 bifurcate it.  It seems like, to me, it would be susceptible
20 to bifurcation.
21             MR. HARRISON:  Well, Judge, when we depose the two
22 individual defendants, Mr. Seldon and Dr. Sapoff, Julia
23 Sapoff, it's far more efficient if we're taking their
24 deposition to get the number of employees, the contractors, as
25 well as the underlying facts, rather than take -- have them do

1  two separate depositions.
2              And same thing for the plaintiff.  They'd have to
3  depose plaintiff and have her take prep and take a day off
4  from work.  We'd rather there be one deposition rather than do
5  one deposition and then have her come back in a month later
6  about the discrimination issue.
7              But we do concede --
8              THE COURT:  Why does the plaintiff have to say one
9  way or the other?  Why is the plaintiff an important witness
10 on the issue of the number of employees?
11             MR. HARRISON:  Because she was working there for
12 years, and she's going to talk about how -- whoever it was,
13 the different -- were these people, therapists, in fact,
14 contractors or misclassified, who did she work with, how many
15 people in the offices, et cetera.
16             She also -- plaintiff also did billing, so she was a
17 big part of the office and worked with everyone there.
18             MR. SMITH:  With respect, your Honor, this is --
19 this can be handled with written discovery.
20             THE COURT:  I think what I'm going to do here,
21 Mr. Harrison, since you sought it as alternative relief, I'm
22 going to grant your relief to be extent that you're seeking
23 limited -- the plaintiff can seek limited discovery on this
24 issue and whatever discovery the defendants might need so that
25 this is an issue that can be resolved on summary judgment.  It

1  seems more appropriate.
2           I'm not going to tell you can't make a motion to
3  dismiss, but since you asked for the alternative relief, I'm
4  going to grant you the alternative relief, which is you can
5  make a motion for summary judgment after you conduct written
6  discovery.
7           And if for some reason the plaintiffs think that
8  they need additional discovery, they can take that up with a
9  magistrate judge.
10          So that's how I'm going to --
11          MR. SMITH:  Your Honor, may I just say, the
12 obligation, your Honor -- this is the threshold question on
13 whether this case can even be heard in this court.
14          THE COURT:  I know.
15          MR. SMITH:  The plaintiff, your Honor, hasn't even
16 alleged, because they can't allege, that there were 15 or more
17 employees.  That's not even alleged in the complaint or in the
18 amended complaint.
19          MR. HARRISON:  Judge, that's not right.  Paragraph
20 68 of the amended complaint specifically alleges that
21 defendants collectively employed 15 or more employees.  And
22 there's more details to back that up.
23          THE COURT:  That's the page 68.
24          MR. HARRISON:  Paragraph 68 on page 9.
25          THE COURT:  I see it.  It is alleged.

PREMOTION CONFERENCE

1           All right.  So you do the limited discovery, and
2    then you can make the motion in the interim.
3           Counsel, just let me know what is happening with
4    representation here and we can address that if need be.  In
5    other words, whether the defendants have secured additional
6    representation.
7           MR. SMITH:  Is that a condition, your Honor, for us
8    to be released from the case?
9           THE COURT:  Well, before -- let me find out the
10   status of that before I formally relieve you.  I'm not going
11   to make you stay in the case forever without getting paid.
12   But before I formally -- I want this case to stay on track, so
13   before I formally relieve you, I would like some additional
14   information on that and what's happening with that.  Okay?
15          So within two weeks from today, file a note with the
16   court indicating what the status is.  Either you can't find it
17   out, you're renewing your motion to be relieved, et cetera.  I
18   just need additional information.
19          (Continued on next page.)

PREMOTION CONFERENCE

1       MR. SMITH:  Thank you, your Honor.

2       THE COURT:  Okay.  Thank you, gentlemen, ladies.

3       MR. HARRISON:  Thank you, Judge.

4       (Whereupon, the matter was concluded.)

5                    *   *   *   *   *

6  I certify that the foregoing is a correct transcript from the
   record of proceedings in the above-entitled matter.
7

8  */s/ Rivka Teich*
   Rivka Teich, CSR RPR RMR FCRR
9  Official Court Reporter
   Eastern District of New York

*Rivka Teich CSR RPR RMR FCRR*
*Official Court Reporter*